UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE
2005 AUG 10 P 3:14

CIVIL ACTION
05- No. 738 EFH

Referred to MJ Leo T Sorok

Brendan M. McGUINNESS,
  Plaintiff,

vs.

James R. BENDER, Deputy Commissioner, Department of Correction; Lois RUSSO, Superintendent, Souza-Baranowski Correctional Center; Michael D. FARLEY, Correctional Officer; Jason J. OLIVER, Correctional Officer; David M. SHAW, Correctional Officer; Juan MEZA, Correctional Officer; John A. BELAIR, Correctional Officer; John A. FLOWERS, Correctional Officer;
  Defendants.

## VERIFIED CIVIL RIGHTS COMPLAINT

-1-

INTRODUCTION:

This complaint is lodged by a pretrial detainee who was at all relevant times confined per M.G.L. c. 276, § 52A, at Souza-Baranowski Correctional Center ("SBCC"); plaintiff is suing various prison officials for a beating he suffered either at their hands or while they had a duty to investigate his claims. He seeks monetary damages for the serious pain and injuries inflicted upon him; he alleges that the force used by the defendants in question was for the very purpose of causing pain and, therefore, was excessive. Since he is a pretrial detainee, this represents not cruel and unusual punishment (U.S.C.A. VIII) but punishment absent due process of law (U.S.C.A. XIV).

JURISDICTION:

This Court has jurisdiction over both the parties and the subject matter of this complaint pursuant to 42 U.S.C. § 1983. Plaintiff has tried to redress the matter via institutional grievances but the Department of Correction ("DOC") has not compensated him. Rather, the DOC defendants have turned a blind eye.

-2-

PARTIES:

1.) Brendan M. McGuinness, the plaintiff, is a citizen of the United States who resides in Massachusetts. He is currently awaiting trial out of Norfolk Superior Court in Dedham, MA. He currently may be served at:

    SBCC
    P.O. Box 8000
    Shirley, MA 01464

2.) Defendant James R. Bender is the Deputy to the Commissioner of the DOC. He is being sued in that capacity, as an official with a duty to look into allegations of prisoner abuse, and also as an individual. His office is located at:

    Office of the Deputy Commissioner
    P.O. Box 9125
    Concord, MA 01742

3.) Defendant Lois Russo is the Superintendent of SBCC, the state's second maximum security prison after Cedar Junction, Walpole. She is being sued in both her official capacity and as an individual. For her address, see par. 1, supra (same as plaintiff).

4.) Defendants Michael D. Farley, Jason J. Oliver, David M. Shaw, Juan Meza, John A. Belair and John A. Flowers are all prison guards at SBCC, of varying rank and/or function, but who all formed an Extraction Team (hereafter "the Move Team") together for the incident to be described below. They are all being sued as individuals as well as in their official capacity as correctional officers. They can all be served at SBCC. (See par. 1, supra for address.)

ASSERTED FACTS:

5.) The foregoing is incorporated herein whenever referred to.

6.) On 1/30/05, plaintiff McGuinness was involved in an altercation with two correctional officers at the same time in the Special Management Unit ("SMU") of SBCC. McGuinness was in hand-cuffs at the time and his door was open for medication.

7.) After the altercation described above, the plaintiff was placed in cell #2 of the SMU's L-3 tier.

-4-

8.) L-3 cell #2 was an empty cell used by the defendants to isolate plaintiff. He was kept there in restraints for several hours, but before the end of the night plaintiff was given linen, etc.

9.) Just before noon on 1/31/05, plaintiff tried to commit suicide by hanging himself with sheet strips from the threshold to his cell door.

10.) The sheets ripped, but the portion around plaintiff's neck formed a ligature

11.) The ligature around plaintiff's throat caused him to lose consciousness

12.) A Move Team was formed once the SMU guards realized that plaintiff was non-responsive. The people on the scene wrote reports; those reports indicate that plaintiff was lying on the floor halfway under the bed in the cell.

13.) The Move Team was comprised of defendants Farley, Oliver, Shaw, Meza, Belair and Farley. Aside from Shaw, who filmed the incident on video camera, the other defendants named

in this paragraph all wore gear fit for a riot -- helmets, body armor, elbow and knee pads, gloves, etc.

14.) The Move Team defendants entered plaintiff's cell once other staff cleared the door's "track" of debris used by plaintiff to "peg" the door shut.

15.) Upon entering plaintiff's cell, defendant Farley says in a report that he saw plaintiff lying on his stomach with only his left arm and lower torso sticking out from under the bed.

16.) Plaintiff was unconscious on the floor when the Move Team entered the cell. Farley says in the same report mentioned above that he merely stepped over plaintiff and went to the rear of the cell.

17.) Clearly the plaintiff was passive at this time or else Farley (the "shield man" for the Team) would have used force.

18.) In his report, defendant Oliver says that, upon entering the plaintiff's cell, he secured the

-6-

plaintiff's left arm, then pulled him out from under the bed.

19.) Defendant Belair reports that he placed himself over plaintiff's legs in such a manner that plaintiff could not kick him or strike him.

20.) Plaintiff was not being combative when Belair used the force described in par. 19.

21.) The defendants claim that the sheet around plaintiff's neck was also attached to the bottom of the bed.

22.) Plaintiff awoke to extreme pain in his wrists, caused by hand-cuffs being squeezed very hard on his wrists. He was unable to breath well because the sheet was still at that time around his throat.

23.) When the sheet was cut, plaintiff was able to gain his breath. The first thing he tried to do was complain of the pain he was experiencing in his wrists and ankles from the restraints. He may have sworn (i.e. used foul language).

-7-

21.) Upon regaining consciousness and prior to the "official" use of force, plaintiff was not bleeding.

22.) Defendant Farley dropped his padded knee to the back of plaintiff's neck and head several times when plaintiff began to speak; he did this without reason. It was excessive force, carried out solely to cause plaintiff pain and to shut him up.

23.) In the defendants' reports, they all go to great lengths to justify Farley's acts. In so doing, they lie.

24.) The officers all report that plaintiff began to act aggressively once he was freed of the ligature. They say plaintiff "flailed" his body, etc. Plaintiff can show that they are all lying.

25.) Defendant Shaw, who filmed this incident and saw no more than is captured on tape, reported that plaintiff became "combative".

26.) Shaw is lying. He couldn't possibly see what was going on; he wrote his report with

-8-

an eye toward covering up the events which actually transpired.

27.) Plaintiff suffered serious injuries from the force used on 1/31/05.

28.) Plaintiff required seven (7) stitches to close a gash above his left eye after the cell extraction described above.

29.) Defendant Flowers forced plaintiff, against the request of a doctor, to undergo surgical repair to his face while still hand-cuffed behind the back.

30.) Defendant Belair tried to cover plaintiff's face, which was covered in blood & scrapes, from view of the camera upon exiting the cell. Belair lied in his report and says he was doing this to "protect" plaintiff -- and goes further to lie and say plaintiff said "it's fucking on now". This is all nonsense.

31.) Belair did not want plaintiff's injuries to be caught on tape; when he covered his face, plaintiff merely moved his face to get it on tape. Belair lied and made this seem hostile.

-9-

32.) Defendant Bender was contacted by the plaintiff about the beating described above. He told plaintiff in correspondence that the matter was being referred to defendant Russo.

33.) Defendant Russo never followed through with the inquiry into the beating. She has refused to do her job. She ignores letters from plaintiff and, six (6) months after the grievance was filed, has never notified plaintiff of the findings.

33.) Bender and Russo are aware that the plaintiff was abused; their inaction is the same as condoning the abuse.

34.) Plaintiff was abused primarily because he fought with two guards on 1/30/05. It was retaliation.

35.) The force used on 1/31/05 was excessive. Plaintiff was out cold. The defendants took the opportunity to get revenge.

36.) Defendant Meza took his time cutting the sheet from plaintiff's neck, at one point

pulling back on the ligature so as to tighten it.

37.) Internal Affairs for the DOC met with the plaintiff once; the meeting was recorded. The DOC refuses to give plaintiff the finding I.A. made.

## CLAIMS FOR RELIEF

38.) The foregoing is hereby incorporated by reference.

## COUNT ONE

39.) Defendant Farley inflicted pain and injury upon plaintiff which was not necessary to maintain order. He did this for the very purpose of hurting plaintiff and serious injury resulted. U.S. Constitution, Amendment 14, forbids the infliction of punishment on pretrial detainees absent due process.

40.) Defendants Belair, Oliver, Shaw, Meza and Flowers have all conspired to falsify reports and cover-up the truth. Moreover, they had a duty to protect plaintiff and

-11-

they instead joined with Farley in his abuse, described above. Their actions deprived plaintiff of due process. U.S.C.A. XIV.

COUNT TWO:

41.) Defendants Bender and Russo have also deprived plaintiff of due process in their gross failure to investigate and resolve plaintiff's timely complaints. U.S.C.A. XIV.

### REQUESTS FOR RELIEF

A.) From Michael D. Farley, plaintiff seeks $5,000 in compensatory damages for pain and suffering and scarring, as well as $20,000 or more for punitive damages.

B.) For their failure to intervene and/or their actions in falsifying reports which denied plaintiff a fair resolution at the administrative level, defendants Belair, Oliver, Shaw, Meza and Flowers should all pay plaintiff $3,000 in compensatory damages (each), and $2,000 (each) punitive damages.

-12-

C.) Plaintiff seeks damages in the form of money from Bender and Russo also, in the amount of $1,000 each for compensatory and $1,500 each punitive.

D.) Plaintiff requests the chance to amend this PRO-SE complaint if need be.

E) TRIAL BY JURY.

Respectfully,
Brendan M. McGuinness
/s/ Brendan M. McGuinness
P.O. Box 8000
Shirley, MA 01464

DATE: 8/5/05

## VERIFICATION

I hereby verify the truth of all facts asserted in this complaint. I do so under penalty of perjury.

Brendan M. McGui—

8/5/05

**JS 44** (Rev. 3/99)           **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Brendan M. McGuinness

**DEFENDANTS**
Deputy Commissioner, D.O.C.
James R. Bender

**(b)** County of Residence of First Listed Plaintiff: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
**05-11738 EFH**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine — **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability — ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle — ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability — ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury — ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment — Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations — ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights — ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Excessive Use of Force on Pretrial Detainee. U.S.C.A. 14.
Failure to protect, etc.    42 U.S.C. § 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 55,000   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/5/05    SIGNATURE OF ATTORNEY OF RECORD Brendan M. McGuinness, Pro-Se

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 3

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _McGuinness v. Bender, et al._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   **05 - 11738 EFH**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _N/A_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐   NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐   NO ☑

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐   NO ☑

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☑   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☑     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Brendan M. McGuinness A91830_
ADDRESS _P.O. Box 800, Shirley, MA 01464_
TELEPHONE NO. _(Prisoner) N/A_

(Att3Cover sheet local.wpd - 11/27/00)