UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 05-11738-EFH

Brendan M. McGUINNESS, pro se
    Plaintiff,

vs.

James R. BENDER, et al.,
    Defendants.

EX-PARTE

PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF COUNSEL.

Now comes the plaintiff, pro se, to respectfully request that this Honorable Court appoint counsel to represent him. As reasons in support, plaintiff states as follows:

1.) I am the plaintiff in this case. I have filed this complaint (after many years of refraining from litigation) in order to collect damages for a beating I received in January of this year. I received this beating as a result of a Move Team entering my cell; when they entered my cell I was unconscious, face down on the floor. I was unconscious because I had a ligature around my neck. I tried to kill myself.

2.) Five of the defendants were involved directly in cutting the ligature from around my neck and placing me in restraints. They are all rather large men; I am 6'3" and, at the time, I weighed no more than 180 lbs. I awoke to extreme pain in my wrists. One of the defendants had cuffed my hands together and he continued to squeeze them tighter. I still have the scars. I was gasping and wheezing for air, but I managed to voice some manner of distress about the pain in my wrists---and I was hardly able to voice a couple of words before I was smashed in the back of my head by (what I now know to be) defendant Farley's knee. My face was bounced off of the cement. Blood burst from a gash over my left eye and I tried to get out from under his knee. I felt him let up momentarily, but he dropped the knee on my neck and scraped and slid my face across the cement. I have photos of all the damage done to me and I required

seven (7) stitches/sutures to put my eyebrow back on. I suffered scrapes and bruises from the side of my head all the way to my nose. This was no "oops, sorry about that" (because the defendant claims he put his knee on my <u>back</u> and may claim any contact with my head was incidental/accidental); my injuries demonstrate repeated blows as I was trying to move my head out from under the knee.

3.) It must be noted that I was accused the day before of fighting with two officers at the prison. I have in my possession papers which state clearly that the Move Team was apprised of said alleged assault prior to entering my cell. (I.e. they spoke of the possibility that I was luring them into my cell to beat up the entire team---preposterous as it may sound.) An incident which was anything but violent towards others was used as an excuse to retaliate against me for past behavior.

4.) This entire episode was filmed by defendant Shaw. I have not viewed the tape, but I am sure that it will support my claim because I have told the absolute truth in my complaint. The day after the incident, a woman came to see me from Massachusetts Correctional Legal Services. She took photos of my injuries, etc. In May I was informed that MCLS does not have the resources to handle individual litigation such as my claim would entail.

5.) My claim is clear and concise. It cannot be disposed of prior to trial. I am afraid that my lack of knowledge pertaining to DISCOVERY will hurt my case, which is otherwise meritorious. I ask for counsel because my claim is true, it is not frivolous, and I suffered serious injuries.

<u>WHEREFORE</u>, this motion should be allowed in the interest of justice.

RESPECTFULLY SUBMITTED,

*Brendan McG*
BRENDAN M. McGUINNESS
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

DATE: 12/1/05