UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDAN McGUINNESS,                          CIVIL ACTION NO. 05-11738-EFH

    Plaintiff,

v.

JAMES R. BENDER,
LOIS RUSSO,
MICHAEL D. FARLEY,
JASON J. OLIVER,
DAVID M. SHAW,
JUAN MEZA,
JOHN A. BELAIR, and
JOHN A. FLOWERS,

    Defendants.

## ANSWER TO THE COMPLAINT AND JURY CLAIM OF DEFENDANTS BENDER, RUSSO, FARLEY, OLIVER, SHAW, MEZA, BELAIR AND FLOWERS

Defendants James Bender, Lois Russo, Michael D. Farley, Jason J. Oliver, David M. Shaw, Juan Meza, John A. Belair and John A. Flowers, by counsel, herby answer the complaint (docket entry 2) and submit their jury claim.

## ANSWER TO THE COMPLAINT

**INTRODUCTION**

This paragraph contains only an introductory statement that requires no responsive pleading, except that the defendants deny all allegations of wrongful conduct set forth against them.

**JURISDICTION**

This paragraph contains only a jurisdictional statement that requires no responsive pleading.

**PARTIES**

    1.    Defendants admit the factual allegations contained in this paragraph, except that the defendants deny that the plaintiff's current incarceration is as a pretrial detainee.

    2.    Defendants admit that James R. Bender is the Deputy Commissioner of Correction and that his office address is as asserted. All other allegations are conclusions of law that require no responsive pleading.

    3.    Defendants admit that Lois Russo is the Superintendent of the Souza Baranowski Correctional Center ("SBCC") and that her address is as asserted. All other allegations are conclusions of law that require no responsive pleading.

    4.    Defendants admit the factual allegations that defendants Michael D. Farley, Jason J. Oliver, David M. Shaw, Juan Meza, John A. Belair and John A. Flowers are correction officers employed at relative times at SBCC, that they were members of an extraction team, and that their addresses are as asserted. All other allegations are conclusions of law that require no responsive pleading.

**ASSERTED FACTS**

    5.    Defendants repeat and incorporate herein their responses to paragraphs 1 through 4 of the complaint.

    6.    Defendants admit the factual allegations to the extent that on January 30, 2005, the plaintiff assaulted two correction officers in the Special Management Unit ("SMU"), that he was in handcuffs and that his door was open for medication.

    7.    Defendants admit the factual allegation that plaintiff was placed in cell #2 of the SMU L-3 tier.

8. Defendants admit the factual allegations to the extent that the plaintiff was placed L-3 cell #2, that plaintiff was kept in restraints for four hours and that he was given linen. Defendants have insufficient information to form a belief as to what plaintiff references by "etc."

9. Defendants have insufficient information to form a belief as to the veracity of the factual allegations contained in this paragraph.

10. Defendants admit the factual allegations to the extent that the portion of sheets around plaintiff's neck formed a ligature. Defendants have insufficient information to form a belief as to the veracity of the other allegations contained in this paragraph.

11. Defendants have insufficient information to form a belief as to the veracity of the factual allegations contained in this paragraph.

12. Defendants admit the factual allegations to the extent that an extraction team was formed once the SMU correction officers observed plaintiff as non-responsive, and that people on the scene wrote reports. Defendants need make no response to the allegations as to the content of the reports, as the documents speak for themselves.

13. Defendants admit the factual allegations to the extent that the extraction team was comprised of defendants Farley, Oliver, Shaw, Meza, Belair and Farley, that defendant Shaw filmed the incident on video camera, that officers wore helmets, body armor, elbow and knee pads and gloves. Defendants have insufficient information to form a belief as to what plaintiff references by "etc." and by "fit for a riot."

14. Defendants admit the allegations contained in this paragraph.

15. Defendants need make no response to the allegations as to the content of the report, as the document speaks for itself.

16.     Defendants have insufficient information to form a belief as to the veracity of the factual allegation that the plaintiff was unconscious when the extraction team entered the cell. Defendants need make no response to the allegations as to the content of the report, as the document speaks for itself.

17.     Defendants deny all allegations contained in this paragraph.

18.     Defendants need make no response to the allegations as to the content of the report, as the document speaks for itself.

19.     Defendants need make no response to the allegations as to the content of the report, as the document speaks for itself.

20.     Defendants deny all allegations contained in this paragraph.

21.     Defendants have insufficient information to form a belief as to the veracity of the factual allegations contained in this paragraph.

22.     Defendants have insufficient information to form a belief as to the veracity of the allegations that the plaintiff awoke to extreme pain in his wrists that that he was unable to breathe. Defendants admit the factual allegation that the sheet was around his throat. Defendants deny all other allegations contained in this paragraph.

23.     Defendants admit the factual allegation that the plaintiff may have sworn (i.e. used foul language). Defendants have insufficient information to form a belief as to the veracity of the other allegation contained in this paragraph.

21. (second) Defendants deny all allegations contained in this paragraph.

22. (second) Defendants admit the factual allegation only to the extent that defendant Farley placed his knee on plaintiff's back several times. Defendants deny all other allegations contained in this paragraph.

23. (second) Defendants need make no response to the allegations as to the content of the reports, as the documents speak for themselves. Defendants deny the allegation that defendants lie.

24. Defendants need make no response to the allegations as to the content of the reports, as the documents speak for themselves.

25. Defendants admit the factual allegation that defendant Shaw filmed this incident. To the extent plaintiff references a report, defendants need make no response to the allegations as to the content of the report, as the document speaks for itself. Defendants deny all other allegations contained in this paragraph.

26 Defendants deny all allegations contained in this paragraph.

27. Defendants deny all allegations contained in this paragraph.

28. Defendants admit the factual allegation that the plaintiff required seven stitches to close a gash above his left eye. Defendants deny all allegations or inferences of wrongful conduct.

29. Defendants admit the factual allegation only to the extent that plaintiff received treatment while handcuffed. Defendants deny all other allegations contained in this paragraph.

30. Defendants deny all allegations contained in this paragraph.

31. Defendants deny all allegations with respect to defendant Belair. Defendants have insufficient information to form a belief as to the veracity of plaintiff's assertion regarding moving his face.

32. Defendants admit the factual allegation only to the extent that the plaintiff wrote to defendants Bender. Defendants deny the factual allegation of a beating. To the

extent that this paragraph seeks to characterize the content of the correspondence to plaintiff, the defendants need make no responsive pleading, since the document speaks for itself.

33. Defendants deny all allegations contained in this paragraph.

34. Defendants deny all allegations contained in this paragraph.

35. Defendants deny all allegations contained in this paragraph.

36. Defendants deny all allegations contained in this paragraph.

37. Defendants admit the factual allegation contained in this paragraph only to the extent that an investigator met with the plaintiff and that the meeting was recorded. To the extent that the paragraph asserts that the Department of Correction refused to give plaintiff the investigation finding, defendants have insufficient information to form a belief as to the veracity of this allegation, inasmuch as the plaintiff does not allege who allegedly refused to give him said finding. In further answer, defendants note that an investigation report cannot be released prior to the completion of the investigation.

**CLAIMS FOR RELIEF**

38. The defendants repeat and incorporate herein their responses to paragraphs 1 through 37 of the complaint.

COUNT I

39. Defendants deny all allegations contained in this paragraph.

40. Defendants deny all allegations contained in this paragraph.

COUNT II

41. Defendants deny all allegations contained in this paragraph.

**REQUESTS FOR RELIEF**

These paragraphs require no responsive pleading. Defendants deny all allegations of wrongful conduct and deny that plaintiff is entitled to the relief requested.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants are entitled to qualified immunity.

### THIRD DEFENSE

The complaint is barred in whole or in part by the Prison Litigation Reform Act.

### FOURTH DEFENSE

The complaint is barred to the extent that the plaintiff has failed to exhaust other remedies.

### FIFTH DEFENSE

Because of his own conduct, the plaintiff is estopped from raising any of the claims they may have against the defendants for matters asserted in the complaint.

### SIXTH DEFENSE

The plaintiff, through his own actions, is responsible for any injury or suffering that he allegedly may have had during the time herein relevant, and, accordingly, he is barred from the recovery of any relief sought.

### SEVENTH DEFENSE

Defendants reserve their right to add additional defenses.

## JURY DEMAND

The defendants claim trial by jury on all issues so triable.

Dated: February 27, 2006                Respectfully submitted,

                                        NANCY ANKERS WHITE
                                        Special Asst. Attorney General


                                        /s/ William D. Saltzman
                                        William D. Saltzman
                                        BBO No. 439749
                                        Department of Correction Legal Division
                                        70 Franklin Street, Suite 600
                                        Boston, Massachusetts 02110
                                        (617) 727-3300, Ext. 154
                                        wdsaltzman@doc.state.ma.us

### CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 27, 2006.

Dated: February 27, 2006                /s/ William D. Saltzman
                                        William D. Saltzman