UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

BRENDAN McGUINNESS,                          CIVIL ACTION NO. 05-11738-EFH

    Plaintiff,

    v.

JAMES R. BENDER,
LOIS RUSSO,
MICHAEL D. FARLEY,
JASON J. OLIVER,
DAVID M. SHAW,
JUAN MEZA,
JOHN A. BELAIR, and
JOHN A. FLOWERS,

    Defendants.

## ANSWER TO THE AMENDED COMPLAINT OF DEFENDANTS BENDER, RUSSO, FARLEY, OLIVER, SHAW, MEZA, BELAIR AND FLOWERS

Defendants James Bender, Lois Russo, Michael D. Farley, Jason J. Oliver, David M. Shaw, Juan Meza, John A. Belair and John A. Flowers, by counsel, herby answer the amended complaint (docket entry 8).

### ANSWER TO THE AMENDED COMPLAINT

**PARTIES**

    42.    The defendants repeat and incorporate herein their responses to paragraphs 1 through 41 of the original complaint.

    43.    This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

**FACTS**

44. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

45. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

46. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

47. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

48. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

49. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

50. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

51. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

52. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

53. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

54. Defendants admit the factual allegations contained in this paragraph only to the extent that the plaintiff was admitted for observation to Bridgewater State Hospital on March 24, 2004 and discharged on April 20, 2004.

55. Defendants admit the factual allegations contained in this paragraph only to the extent that the plaintiff was discharged from Bridgewater State Hospital to Norfolk County on April 20, 2004. The remainder of this paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

56. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

57. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

58. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

59. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

60. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

61. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

62. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

63. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

64. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

65. Defendants admit the factual allegations that the plaintiff was admitted to MCI-Cedar Junction on September 29, 2004 and that the words, "Massachusetts Correctional Institution" is inscribed over the entrance.

66. Defendants admit the factual allegations contained in this paragraph only to the extent that on October 18, 2004, the plaintiff was transferred to the Souza Baranowski Correctional Center following an incident on October 17, 2005 and that the plaintiff had been held in an Orientation Unit at MCI-Cedar Junction. In further answer, defendants state that during the incident on October 17, 2005, the plaintiff assaulted a correction officer. The defendants deny the allegation that plaintiff was transferred "by the DOC defendants" and deny all other allegations contained in this paragraph.

67. Defendants admit the factual allegations contained in this paragraph only to the extent that the plaintiff was held in the Souza Baranowski Special Management Unit from October 18, 2004 to January 30, 2005 and from February 3, 2005 to March 7, 2005. Defendants deny all other allegations contained in this paragraph, but in further answer, defendants state that the reason that the plaintiff was not afforded a hearing on disciplinary report issuing from the October 17, 2004 incident is because the plaintiff plead guilty to said disciplinary report on July 27, 2005.

68. Defendants admit the factual allegations contained in this paragraph only to the extent that the plaintiff assaulted correction officers. The defendants have insufficient information to form a belief as to the veracity of the allegation that the plaintiff attempted suicide. To the extent that the plaintiff references allegations contained in his original

complaint, the defendants incorporate herein and repeat their responses to the allegations set forth in the plaintiff's original complaint.

69. Defendants admit the factual allegation that the plaintiff was taken to the concord District Court on March 7, 2005. Defendants have insufficient information to form a belief as to the veracity of the other allegations contained in this paragraph.

70. Defendants admit the allegations contained in this paragraph only to the extent that the plaintiff wrote letters to defendants Bender and Russo. To the extent that this paragraph seeks to characterize the content of said letters or to any correspondence in reply, the letters speak for themselves, and therefore, the defendants need make no responsive pleading.

71. Defendants admit the factual allegation that children are not allowed to visit inmates in the Special Management Unit at the Souza Baranowski Correctional Center. Defendants have insufficient information to form a belief as to the veracity of the other allegations contained in this paragraph.

72. Defendants admit the factual allegations contained in this paragraph only to the extent that the plaintiff was held in the Souza Baranowski Special Management Unit from October 18, 2004 to January 30, 2005 and from February 3, 2005 to March 7, 2005, and that the plaintiff was unable to purchase canteen items because he had failed to pay a restitution sanction he incurred on a prior state commitment.

73. Defendants have insufficient information to form a belief as to the veracity of the allegations that the plaintiff was remanded to the custody of NCCF and sent to Plymouth County. Defendants admit the factual allegation that the Department of Correction did not seek to regain custody of the plaintiff.

74. Defendants have insufficient information to form a belief as to the veracity of the factual allegations contained in this paragraph.

75. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

76. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

77. This paragraph pertains to persons other than the defendants, and therefore, no responsive pleading is required.

78. Defendants admit the factual allegation that the plaintiff was returned to the Souza Baranowski Correctional Center on July 8, 2005. To the extent that the plaintiff asserts that he was subjected to the disciplinary process, the disciplinary records speak for themselves, and therefore, no responsive pleading is required. The defendants admit the factual allegation that one incident was referred to the District Attorney and that a complaint was filed in the Clinton District Court.

79. Defendants admit the factual allegations to the extent that the plaintiff received a 24-month Departmental Disciplinary Unit sanction, with 22 months to serve, as a result of disciplinary reports incurred on January 30, 2005 at Souza Baranowski Correctional Center, and an 36-month Departmental Disciplinary Unit sanction, with 34 months to serve, as result of the disciplinary report incurred as the result of an October 17,2004 incident at Souza Baranowski Correctional Center, that at the time the sanctions were imposed the plaintiff was not serving a sentence, and that the Departmental Disciplinary Unit building is located at the state prison in Walpole.

80. Defendants admit the factual allegation that the plaintiff plead guilty to the charges made against him in the disciplinary reports. Inasmuch as this paragraph seeks to characterize the content of prison disciplinary records, the prison disciplinary records speak for themselves, and therefore, the defendants need make no further responsive pleading.

81. Defendants admit the factual allegations contained in this paragraph, except that defendants state that the current calculated release date is September 7, 2007.

82. Defendants admit the factual allegation contained in this paragraph.

83. Plaintiff's prediction that he will be confined to the Departmental Disciplinary Unit for his entire incarceration is speculative, and therefore, defendants have insufficient information to form a belief as to the veracity of the factual allegation. Defendants admit the factual allegation that the plaintiff has received Departmental Disciplinary Unit sanctions for disciplinary violations he perpetrated while a pretrial detainee, and in further answer, state that detainees are lawfully subject to the Department's disciplinary rules and procedures and that the plaintiff plead guilty to said disciplinary charges.

84. Defendants have insufficient information to form a belief as to what the plaintiff means by his characterization of "a very new policy," and therefore, the defendants have insufficient information to form a belief as to the veracity of the allegations set forth in this paragraph.

85. Defendants admit the factual allegation that the superior court did not authorize his transfer to the Souza Baranowski Correctional Center on July 8, 2005, and in further answer, state that the superior court lacks statutory authority with respect to such

transfers. Defendants deny the factual allegation that the transfer occurred in the absence of appropriate authorization from the district attorney.

86. To the extent that this paragraph challenges the lawfulness of the plaintiff's transfer to the Souza Baranowski Correctional Center, the defendants deny all allegations of wrongful conduct, and in further answer, state that the plaintiff's transfer fully comported with law.

**Claims for Relief**

87. Defendants repeat and incorporate herein their responses to paragraphs 1 through 86 of this answer.

**Count Three**

88. This paragraph pertains solely to persons other than defendants, and therefore, defendants need make no responsive pleading.

**Count Four**

89. Defendants deny all allegations contained in this paragraph.

**Count Five**

90. Defendants deny all allegations contained in this paragraph.

**Count Six**

91. Defendants deny all allegations contained in this paragraph.

**Count Seven**

91. Defendants deny all allegations contained in this paragraph.

**Prayers for Relief**

This section requires no responsive pleading.

## DEFENSES

### FIRST DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants are entitled to qualified immunity.

### THIRD DEFENSE

The amended complaint is barred in whole or in part by the Prison Litigation Reform Act.

### FOURTH DEFENSE

The amended complaint is barred to the extent that the plaintiff has failed to exhaust other remedies.

### FIFTH DEFENSE

Because of his own conduct, the plaintiff is estopped from raising any of the claims they may have against the defendants for matters asserted in the amended complaint.

### SIXTH DEFENSE

The plaintiff, through his own actions, is responsible for any injury or suffering that he allegedly may have had during the time herein relevant, and, accordingly, he is barred from the recovery of any relief sought.

### SEVENTH DEFENSE

Defendants reserve their right to add additional defenses.

### JURY DEMAND

Defendants request trial by jury on all issues so triable.

Dated: March 31, 2006                           Respectfully submitted,

                                                NANCY ANKERS WHITE
                                                Special Asst. Attorney General

                                                /s/ William D. Saltzman_____
                                                William D. Saltzman, BBO No. 439749
                                                Department of Correction Legal Division
                                                70 Franklin Street, Suite 600
                                                Boston, Massachusetts 02110
                                                (617) 727-3300, Ext. 154
                                                wdsaltzman@doc.state.ma.us


                          CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 31, 2006.

Dated: March 31, 2006                           /s/ William D. Saltzman_____
                                                William D. Saltzman