UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 APR 28 A 11:54
U.S. DISTRICT COURT
DISTRICT OF MASS

NO. 05-11738A-EFH

Brendan M. McGUINNESS,
    Plaintiff,

vs.

James R. BENDER, et al.,
    Defendants.

MOTION TO STRIKE PORTIONS OF
RONALD RHEAULT'S AFFIDAVIT

    Now comes the plaintiff, Pro Se, to respectfully ask that this Honorable Court strike portions of an affidavit submitted by the defendants in support of their Cross-Motion for Partial Summary Judgment for the following reasons; plaintiff shall state said reasons as an affidavit:

1.) I am the plaintiff in this case. I filed a motion for partial summary judgment in this matter and, last month, the defendants responded with an opposition and cross-motion of their own. In so doing, they attached an affidavit of Ronald Rheault, an employee of the Department of Correction.

2.) Mr. Rheault's affidavit is relied upon heavily by the defendants. It is 6 pages long, 16 paragraphs. In paragraphs 5-8, and again in paragraphs 14 and 15, Mr. Rheault seeks to introduce as <u>fact</u> various allegations which were made in the county facilities against myself. These allegations take the form of disciplinary reports; they are attached to

the affidavit. By reference to these reports, the defense now hopes to persuade this Court that my behavior in the county system while awaiting trial made it necessary to house me at Walpole State Prison as a detainee. What the defense neglects to point out is that none (not one) of the disciplinary reports was ever adjudicated in accordance with due process. Two of these reports I am just now seeing for the first time.

3.) The allegations contained in the reports in question are substantially equivalent to gossip here; rather than hold a hearing on the charges as the allegations were made, the county facilities chose as an expedient the summary transfer to another county. (This, of course, is thoroughly illegal absent the district attorney's permission. See <u>Commissioner of Correction</u> v. <u>Superior Court</u>, 446 Mass. 123,___[2006].) These transfers were just one part of what I claim was a pervasive and interminable string of violations of my rights as a detainee. The alleged conduct was merely a pretext to accomplish certain goals, particularly keeping me out of the jail in Norfolk County, where I know many of the employees and administration. (This goal seems legitimate in hindsight; I have no idea why they did not simply ask the DA's office to allow my transfer per M.G.L. c. 276, section 52A. Not once did anybody do so prior to a county-to-county move.)

4.) At any rate, each and every time I was accused of misconduct in a county facility, the authorities simply moved me. Like this I was deprived of my right to a hearing on allegations which, as we see here, can be dragged out by the DOC at any time and place (e.g. parole). The defense's reasoning behind holding me at Walpole is certainly relevant, though the fact that the decision was based almost exclusively on unadjudicated allegations of misconduct mirrors closely their decision to treat me like a convict long before I was convicted.

5.) I ask that the Court not allow the defense to benefit from

the failure of the county officials to afford me due process on the allegations. Since the content of those reports is not fact but contested allegations, it should not be allowed as evidence at the summary judgment stage.

**WHEREFORE**, the affidavit of Ronald Rheault and the reports attached thereto should be stricken from the record insofar as the allegations contained therein have never been adjudicated by disciplinary hearing. See 103 CMR 430.00 et seq.

/s/ Brendan M. McGuinness
BRENDAN M. McGUINNESS
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA   01464

Dated: 4/24/06

cc. William Saltzman, Esq.
    file.

-3-