UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDAN McGUINNESS,            CIVIL ACTION NO. 05-11738-EFH

    Plaintiff,

    v.

JAMES R. BENDER, et al.,

    Defendants.

## OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF ROLAND RHEAULT

The Department of Correction defendants oppose the plaintiff's motion to strike portions of the affidavit of Roland Rheault, specifically, paragraphs 5 thorough 8, 14 and 16. The plaintiff asserts that these paragraphs should be stricken to the extent that they describe and contain disciplinary reports issued against the plaintiff while he was awaiting trial in county facilities, but which have not been adjudicated pursuant to the prison disciplinary process. He asserts that non-adjudicated county disciplinary reports are tantamount to "gossip."

Were the plaintiff's disciplinary reports being employed for the purpose of imposing disciplinary sanctions on the plaintiff, then considerations of due process would require a hearing and a finding of "some evidence" in support of the decision by the prison disciplinary board. See Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985).[1] However, the matter at bar does not involve the imposition of disciplinary

---

[1] In Hill, the Supreme Court found "some evidence" that the inmates had assaulted another inmate based only on the guard's report and testimony that he had heard some commotion,

sanctions, but rather, the plaintiff's removal from county custody to await trial in state custody, and his attendant placement within the state correctional system. Under state law, the removal of a pretrial detainee from county to state custody occurs solely at the discretion of the Commissioner of Correction. Commissioner of Correction v. Superior Court, 446 Mass. 123 (2006) (holding that G.L. c. 276, § 52A does not authorize a justice of the superior court to order the removal of county detainees to state custody). Within the Department of Correction, the imposition of conditions of confinement that are reasonably calculated to achieve the governmental purpose of pretrial detention do not amount to punishment in the constitutional sense. See O'Connor v. Huard, 117 F.3d 12, 16 (1st Cir. 1997). Rather, the Legislature has vested the Commissioner with broad executive discretion to transfer and place inmates within the Massachusetts correctional system. Jackson v. Commissioner of Correction, 388 Mass. 700, 703 (1983). The Commissioner exercises her administrative transfer discretion "for varied reasons such as security, convenience, and rehabilitation." Id. (citing Meachum v. Fano, 427 U.S. 215, 228 (1976).

In exercising her discretionary removal and classification authority, the Commissioner is reasonably and necessarily entitled to consider any and all information indicating the appropriate level of security necessary for the plaintiff's detention. Pertinent information may be found in a variety of sources, including the county's records (whether disciplinary reports, incident reports or oral communications), records of the plaintiff's prior institutional history at the Department of Correction, and records documenting the plaintiff's criminal history.

---

that he had discovered an injured inmate, and that he had observed three inmates fleeing the scene. 472 U.S. at 456, 105 S.Ct. 2774-2775.

Since the information set forth in the Affidavit of Roland Rheault is clearly within the realm of information utilized to make removal and classification decisions, the plaintiff's motion to strike portions of the affidavit should be DENIED.

Dated: May 9, 2006                                  Respectfully submitted,

                                                              NANCY ANKERS WHITE
                                                              Special Asst. Attorney General

                                                              /s/ William D. Saltzman_____
                                                              William D. Saltzman, BBO No. 439749
                                                              Department of Correction Legal Division
                                                              70 Franklin Street, Suite 600
                                                              Boston, Massachusetts 02110
                                                              (617) 727-3300, Ext. 154
                                                              wdsaltzman@doc.state.ma.us

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 9, 2006.

Dated: May 9, 2006                                  /s/ William D. Saltzman_____
                                                                                     William D. Saltzman