UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDAN M. MCGUINNESS,           )
      Plaintiff,           )
                 )
VS.           )     CIVIL ACTION NO. 05-11738-EFH
                 )
JAMES R. BENDER, ET AL.,           )
      Defendants.           )

**UMASS CORRECTIONAL HEALTH, RUSSELL PHELPS,
MARSHA TANUR, M.D., JASON KAVANAUGH, R.N.
AND LOUISE MERRILL, R.N.'S
<u>OPPOSITION TO PLAINTIFF'S</u>
<u>MOTION TO SUPPLEMENT AND/OR JOIN DEFENDANTS</u>**

NOW COME UMass Correctional Health, Russell Phelps, Marsha Tanur, M.D., Jason

Kavanaugh, R.N. and Louise Merrill, R.N. (hereinafter referred to as "UMCH" or the "UMCH

employees") in the above-entitled matter, and hereby oppose plaintiff's Motion to Supplement

and/or Join Defendants. Pursuant to Fed.R.Civ.P. 15 and Fed.R.Civ.P. 19, UMCH and the

above-named UMCH employees state that Mr. McGuinness's Motion should be denied because

plaintiff's Motion fails to comply with the Federal Rules of Civil Procedure. As such, the

plaintiff has not established that he is entitled to amend or supplement his Complaint to add/join

UMCH or its employees as defendants, and his Motion to Supplement and/or Join Defendants

should be denied.

**<u>RELEVANT FACTS</u>**

1.    This is a *pro se* civil rights action brought by inmate Brendan McGuinness.

      Mr. McGuinness is a state prisoner, currently confined at the Souza Baranowski

      Correctional Center ("SBCC") in Shirley, Massachusetts.

2.    Mr. McGuinness's original Complaint alleges that while awaiting trial at SBCC,

      on January 31, 2005, defendant correction officers used excessive force after

Mr. McGuinness allegedly attempted to commit suicide. *See United States District Court Docket, Pleading #2.*

3.    Mr. McGuinness then amended his original Complaint, challenging prison disciplinary convictions based on the theory that his pretrial detention at SBCC was unlawful and, therefore, that any discipline used against him by the Department of Correction ("DOC") was invalid. This Amended Complaint names various officials and employees of the Norfolk County Sheriff's Department. *See United States District Court Docket, Pleading #8.*

4.    Plaintiff's Proposed Supplemental Complaint to add medical defendants asserts claims against UMCH and several of its employees, claiming these individuals allegedly were deliberately indifferent to Mr. McGuinness's serious medical needs. *See Plaintiff's Proposed Supplemental Complaint.*

5.    UMCH is the contractual medical provider of health services to inmates incarcerated within the Massachusetts DOC facilities.

6.    Mr. McGuinness's Proposed Supplemental Complaint seeks to place blame for his alleged January 31, 2005 suicide attempt on treatment provided by UMCH employee, Dr. Marsha Tanur. Specifically, Mr. McGuinness alleges that Dr. Tanur wrongfully put "a hold" on his medical order for Oxycodone. *See Plaintiff's Proposed Supplemental Complaint, ¶¶17-18.*

7.    The plaintiff's Proposed Supplemental Complaint also alleges that the proposed medical defendants could have weaned him off Oxycodone with weaker drugs, after his January 30, 2005 altercation with correction officers, rather than issuing a medical stoppage of his Oxycodone. *See Plaintiff's Proposed Supplemental Complaint, ¶24.*

1013041v1

8.      Plaintiff also alleges that Dr. Tanur failed to consider him a suicide risk, and that the

UMCH nurses, Jason Kavanaugh and Louise Merrill, allegedly failed to monitor him for

signs of withdrawal.  *See Plaintiff's Proposed Supplemental Complaint, ¶¶20-22.*

9.      Finally, the plaintiff alleges that Russell Phelps, UMCH's Health Services Administrator

at SBCC, denied plaintiff's grievance regarding the above allegations.  *See Plaintiff's*

*Proposed Supplemental Complaint, ¶26.*

## ARGUMENT

I.      PLAINTIFF'S SUPPLEMENTAL COMPLAINT FAILS TO COMPLY WITH
        FED.R.CIV.P. 15(d).

Mr. McGuinness's Motion to Supplement and/or Join Defendants should be denied

because his Proposed Supplemental Complaint does not comply with the requirements of

Rule 15 of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 15(d) permits a party to seek

leave "to serve a supplemental pleading setting forth transactions or occurrences or events which

have happened *since* the date of the pleading sought to be supplemented."  (Emphasis added).

The plaintiff at bar is seeking to add allegations regarding events which occurred *prior to* the

events plead in his originally filed Complaint.  As such, plaintiff's new allegations against

UMCH and UMCH employees cannot support a supplemental complaint.

II.     PLAINTIFF'S SUPPLEMENTAL COMPLAINT FAILS TO COMPLY WITH
        FED.R.CIV.P. 19.

Mr. McGuinness's Motion to Supplement or Join Defendants should also be denied

because, pursuant to Rule 19 of the Federal Rules of Civil Procedure, this plaintiff is not entitled

to joinder of the proposed defendants.  Involuntary joinder of a defendant is appropriate only if

"in the person's absence complete relief cannot be accorded among those already parties."

Fed.R.Civ.P. Rule 19.  Mr. McGuinness's claim for deliberate indifference against UMCH and

its employees is an independent claim, separate and apart from plaintiff's pending claims against

1013041v1

the DOC for excessive use of force by correction officers and unlawful pretrial detention in state custody. *See Plaintiff's Original Complaint.* Neither UMCH or its employees would need to be joined as defendants in order for Mr. McGuinness to complete litigation of his pending claims against the DOC. If anything, the addition of these defendants will postpone litigation of plaintiff's claim against the DOC and delay the trial already scheduled for January 2007.

III.    PLAINTIFF'S SUPPLEMENTAL COMPLAINT DOES NOT SUPPORT A CLAIM FOR DELIBERATE INDIFFERENCE.

Mr. McGuinness's Motion to Supplement or Join the medical defendants should be denied because plaintiff's proposed claims against UMCH and its employees do not support a motion to amend the complaint. "[L]eave to amend is to be 'freely given when justice so requires,' unless the amendment 'would be futile, or reward, *inter alia,* undue or intended delay.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. N.H. 2004)(quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)); Castellucci v. U.S. Fidelity and Guar. Co., 372 Mass. 288, 361 N.E. 2d 1264 (1977); Putnam v. Bradlees, Inc., 1995 Mass. App. Div. 159, 161 (1995). A court may deny amendment when the amended pleadings would not survive a motion for summary judgment. Putnam v. Bradlees, Inc., 1995 Mass. App. Div. 159, 161 (1995); Wilson v. America Trans Air, Inc., 874 F.2d 386 (7th Cir. 1989). Courts reject claims of deliberate indifference to serious medical needs where the inmate is unable to offer more than his own assertion that the care provided was inadequate. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Islam v. Powers, 1997 Mass. Super. LEXIS 64 (Mass. Super. Ct. Oct. 9, 1997).

In the instant case, Mr. McGuinness's Proposed Supplemental Complaint is based solely on speculation and allegations, rather than evidence of deliberate indifference by UMCH. In order to prove deliberate indifference by UMCH or UMCH employees, Mr. McGuinness must

provide the Court with evidence as to causation, which necessarily requires expert testimony. However, the plaintiff does not include any documentary evidence, such as an expert letter or even medical records, to support his claim of mistreatment by UMCH or its employees. Rather, Mr. McGuinness relies on conclusory statements in his Proposed Supplemental Complaint to support his Motion to Supplement. Without providing the Court with any evidence of deliberate indifference by UMCH or its employees, and without any evidence establishing a causal link between the discontinuation of his medication and his alleged suicide attempt, Mr. McGuinness's Proposed Supplemental Complaint is insufficient to survive a motion for summary judgment. Given that plaintiff's Proposed Supplemental Complaint is based solely on lay speculation, his Motion to Supplement should be denied.

WHEREFORE, for the foregoing reasons, UMass Correctional Health, Russell Phelps, Marsha Tanur, M.D., Jason Kavanaugh, R.N. and Louise Merrill, R.N. respectfully request that this Court deny the plaintiff's Motion to Supplement and/or Join Defendants.

UMASS CORRECTIONAL HEALTH,
RUSSELL PHELPS, MARSHA
TANUR, M.D., JASON KAVANAUGH, R.N.
and LOUISE MERRILL, R.N.
By their attorneys,

I hereby certify that on August 28, 2006, a true copy of the above document was served upon the *pro se* plaintiff by mail and upon other counsel of record electronically through filing with the ECF system.

MORRISON MAHONEY LLP


/S/ Lisa R. Wichter

/s/ Lisa R. Wichter

_____

James A. Bello, BBO #633550

Lisa R. Wichter

Lisa R. Wichter, BBO #661006
250 Summer Street
Boston, MA 02210
(617) 439-7500

1013041v1