UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDAN McGUINNESS,                                CIVIL ACTION NO. 05-11738-EFH

    Plaintiff,

    v.

JAMES R. BENDER,
LOIS RUSSO,
MICHAEL D. FARLEY,
JASON J. OLIVER,
DAVID M. SHAW,
JUAN MEZA,
JOHN A. BELAIR, and
JOHN A. FLOWERS,

    Defendants.

## OPPOSITION TO MOTION TO SUPPLEMENT AND/OR JOIN DEFENDANTS

For the reasons set forth below, the Department of Correction defendants oppose the plaintiff's motion to supplement the complaint under Fed.R.Civ.P. 15, or to join additional defendants under Fed.R.Civ.P. 19.

1.    This is a *pro se* civil rights action brought by Brendan McGuinness ("McGuinness"), a state prisoner who is currently confined at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts.

2.    The original complaint (docket entry 2) alleges that while McGuinness was awaiting trial at SBCC on January 31, 2005, defendant correction officers employed excessive force after McGuinness' alleged suicide attempt. The amended complaint (docket entry 8) challenges certain prison disciplinary convictions on the theory that McGuinness' pretrial detention at SBCC was unlawful, and therefore, his discipline was invalid. The

amended complaint names various officials and employees of the Norfolk County Sheriff's Department.[1]

3.      The proposed supplemental complaint asserts claims against the University of Massachusetts Medical School and four University of Massachusetts employees for alleged deliberate indifference to McGuinness' medical needs. The University of Massachusetts Medical School provides health services to the prison population Department of Correction.[2] McGuinness seeks to blame his alleged January 31, 2005 suicide attempt on the clinical order entered a day earlier by Dr. Marsha Tanur to "place a hold" on his medical order for Oxycodone. McGuinness describes Oxycodone as an addictive morphine derivative, and he alleges that this medical order entered after his January 30, 2005 altercation with correction officers during the administration of his medication. He also alleges that Dr. Tanur failed to consider suicide risk, and that the proposed defendant nurses, Jason Kavanaugh and Louise Merrill, allegedly failed to monitor McGuinness for signs withdrawal. Finally, he alleges that proposed defendant Russell Phelps, the University of Massachusetts health services administrator for SBCC, denied his grievance.

4.      The proposed supplemental complaint does not comport with the requirements of Rule 15 of the Federal Rules of Civil Procedure. Rule 15(d) permits a party to seek leave "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened *since* the date of the pleading sought to be supplemented." (Emphasis added). The plaintiff at bar is seeking to add allegation of events that occurred *prior to* the events plead in the original complaint, and therefore, these allegations cannot support a supplemental complaint.

---

[1] The undersigned counsel does not represent the Norfolk County Sheriff's Department.
[2] The undersigned counsel does not represent the University of Massachusetts.

3

5.   The Department of Correction defendants also assert that McGuinness is not entitled to joinder of the proposed defendants under Rule 19 of the Federal Rules of Civil Procedure. The involuntary joinder of a defendant under Rule 19 would be appropriate only if "in the person's absence complete relieve cannot be accorded among those already parties." The claim of deliberate indifference to serious medical needs is completely separate and independent from McGuinness' pending claims; excessive use of force by correction officers and unlawful pretrial detention in state custody. There is no reason why the clinicians would need to be joined in order for McGuinness to complete his litigation of the pending claims.

6.   Finally, the Department of Correction defendants assert that the proposed claims do not support a motion to amend the complaint. "[L]eave to amend is to be "freely given when justice so requires," unless the amendment "would be futile, or reward, *inter alia,* undue or intended delay.", 383 F.3d 7, 11-12 (2004) (1st Cir. 2004) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.1994)). A court may deny amendment when the amended pleadings would not survive a motion for summary judgment. Wilson v. America Trans Air, Inc., 874 F.2d 386 (7th Cir. 1989). McGuinness' proposed amended is futile and highly unlikely to survive summary judgment because he is unlikely to establish a causal link between the discontinuation of his medication and the alleged suicide attempt. Proof of causation in the arena of medical science necessarily requires expert testimony. Courts reject claims of deliberate indifference to serious medical needs where the inmate is unable to offer more than his own assertion that the care provided was inadequate. See Dulaney v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) (in the face of medical records indicating that treatment was provided and physician affidavits indicating that the care

provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel that she received adequate medical treatment); <u>Goffman v. Gross</u>, 59 F.3d 668, 672 (7th Cir. 1995) (Inmate lay testimony cannot establish the showing of medical causation necessary to sustain a claim of harm caused by second hand smoke). Absent a showing that McGuinness' theory is founded on anything more than lay speculation, his motion should be denied.

WHEREFORE, the motion to supplement the complaint and/or to join additional defendants should be DENIED. If the motion is allowed, the Department of Correction defendants respectfully request that the trial scheduled for January 2, 2007 be continued to permit sufficient time for counsel to appear for the University of Massachusetts and to conduct a defense.

Dated: August 29, 2006                                Respectfully submitted,

                                                      NANCY ANKERS WHITE
                                                      Special Asst. Attorney General

                                                      /s/ William D. Saltzman
                                                      William D. Saltzman, BBO No. 439749
                                                      Department of Correction Legal Division
                                                      70 Franklin Street, Suite 600
                                                      Boston, Massachusetts 02110
                                                      (617) 727-3300, Ext. 154
                                                      wdsaltzman@doc.state.ma.us

CERTIFICATE OF SERVICE

I hereby certify that this opposition, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 29, 2006.

Dated: August 29, 2006                                /s/ William D. Saltzman
                                                      William D. Saltzman