UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11738-EFH

Brendan M. **McGUINNESS**,
    Plaintiff,

vs.

James R. **BENDER, et al.**
    Defendants.

**MOTION TO DEPOSE DEFENDANT
LOIS RUSSO, SUPERINTENDENT
OF SOUZA-BARANOWSKI
CORRECTIONAL CENTER**

Now comes the defendant, Brendan McGuinness, to respectfully ask that this Honorable Court allow him to personally depose the defendant, Lois Russo, at no cost to the plaintiff, who is truly indigent. As reasons, the plaintiff would initially point out that a recent decision by our state's Supreme Judicial Court concerning the defendants' practice of housing pretrial detainees under the same or substantially similar conditions as convicted felons has left open to civil litigation the "not insignificant" question of whether M.G.L. c. 256, §52A is unconstitutional, as M.G.L. c. 127, §97 was declared for the same reason in Brown v. Commissioner of Correction, 394 Mass. 89, ___ (1985). See MacDougall v. Commonwealth, ___ Mass. ___ n. 11 (August, 2006)

-1-

It should be noted, secondarily, that the plaintiff at bar has already forwarded the "not insignificant" MacDougall question to this Court via Rule 56, same having been denied (apparently) for want of record evidence. A similar motion by the Department of Correction was denied, presumably for similar reasons. Trial has been set for January 2, 2007---a mere three months hence.

Plaintiff now points to the attached slip opinion from the Massachusetts Superior Court (hereafter referred to as the "Foxworth opinion")(Botsford, J.). In Foxworth, several prisoners argued that while they were confined to DOC Special Management Units ("SMU") awaiting action on allegations of wrong-doing, 103 CMR 423.08 entitled them to a certain standard of living; they went on further to argue that the actual SMU itself had a handmade rule book which violated §423.08 in almost every regard one could conceive of---denying television, access to canteen, etc. Id. In other words, the Foxworth decision came down to whether or not the conditions in the SMUs were punitive prior to a full hearing in accordance with due process.

[margin annotation: ← EXHIBIT A]

Judge Botsford decided squarely that the DOC had been operating the SMUs in violation of 103 CMR 423.08.

Returning to the case at bar, plaintiff implores this Court to recall that this is the very argument he has been prosecuting throughout this litigation: that the SMU Handbooks were denying him the creature comforts which were mandated by the regulation and, more importantly, were the only objective factors separating his pretrial existence from that which applied to the convicts

with whom he was segregated. He was denied visits with his infant daughter, yet (as he will prove at trial) he became eligible for the same upon conviction. See Foxworth, in general.

Upon information and belief, plaintiff asserts as true that the DOC has informed Judge Botsford that they will alter the regulation rather than seek to appeal the decision. This represents a pre se example of the DOC confining plaintiff to a unit as a pretrial detainee where even the convicts were being improperly punished.

The deposition of Russo, the administrator of SBCC, is crucial to one of the primary questions at trial: whether in fact plaintiff was held under punitive pretrial conditions in the SMU.

**WHEREFORE**, this Honorable Court should order and allow an expedited deposition of Russo---a one day deposition no later than the end of November, 2006. Plaintiff acknowledges that the is a defense motion on record to depose him and he reiterates that he will subject himself to same whenever is good for defense counsel.

/s/ Brendan M. McGuinness
MCI-Cedar Junction
P.O. Box 100
South Walpole, MA 02071

DATED: September 27, 2006

cc. William Saltzman, Esq.
    file

CERTIFICATE OF SERVICE

I hereby certify and swear that a copy of the foregoing and the attachments have been served by mail this 27th day of September, 2006, via regualr mail.

/s/ BRENDAN McGUINNESS

-3-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 05-11738-EFH

Brendan M. McGUINNESS,
    Plaintiff,

vs.

James R. BENDER, et al.
    Defendants.

PLAINTIFF'S RENEWED MOTION FOR
PARTIAL SUMMARY JUDGMENT

Now comes the Plaintiff, Brendan M. McGuinness, Pro Se, to ask this Court once more to grant him summary judgment upon one of his claims, viz. his claim that he was in fact punished by the Department of Correction (DOC) defendants while he was held in their custody as a pretrial detainee at the Special Management Unit ("SMU") at Souza-Baranowski Correctional Center (SBCC).

In support, please see the attached memorandum of law.

RESPECTFULLY SUBMITTED,

DATE: 9/13/06

BRENDAN M. McGUINNESS
S.B.C.C
P.O. BOX 8000
SHIRLEY, MA 01464

cc. William Saltzman, Esq.
    file.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 05-11738-EFH

Brendan M. McGUINNESS,
    Plaintiff,

vs.

James R. BENDER, et al.
    Defendants.

===================

MEMORANDUM OF LKAW IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR
PARTIAL SUMMARY JUDGMENT.

The Plaintiff brings this memorandum of law in support of a renewed motion for summary judgment. In an Opposition which he filed to the Defendants' Cross Motion for Summary Judgment, the Plaintiff argued that summary judgment was inappropriate on one issue[1/] because the facts were still in dispute as to the true conditions of confinement which prevailed in the Special Management Unit (or "SMU") at Souza-Baranowski Correctional Center ("SBCC") while Plaintiff was held there as a pretrial detainee. Id. at p. 2, ¶ 3.

However, Plaintiff has since then come across a very recent ruling in his favor. See Foxworth v. Commissioner of Correction, Suffolk, ss. (slip op., April 14, 2006)(Botsford, J.), attached. It is now absolutely clear that the SMU (which is governed by 103 CMR 423) has been operated by the DOC defendants in violation of the law (i.e. their own duly promulgated regulations). See also **McGuinness Affidavit**, also attached. Prisoners (convicts, let alone the

---

1/
   The issue in question is whether Plaintiff was subjected to punitive conditions of pretrial confinement in the SMU at SBCC on alleged "awaiting action" status, in violation of his 14th Amendment right to due process prior to any punishment.

-1-

detainees) in the SMU at Walpole, governed by the same regulation as SBCC's SMU, argued in state superior court that 103 CMR 423.09 entitled them to a television as well as access to the canteen. Foxworth, supra at p. 4. See also **Addendum A to the McGuinness Affidavit** (where Plaintiff clearly explains to defendant Russo exactly what the court ended up deciding in Foxworth).

Plaintiff relies completely upon Foxworth in arguing that his conditions of confinement as a pretrial detainee were punishment. He was entitled to a television, canteen privileges, telephone calls, etc.; these things were denied for no reason at all. The SMU Hand Book (see **Addendum B to the McGuinness Affidavit**) invokes the following drastic restrictions which are, per 103 CMR 423.09, not appropriate in SMU:

1.) visits are limited to one person, an adult (i.e. children prohibited). Hand Book, p. 12.
   Compare 103 CMR 423.09(1)(e): "Inmates shall normally have opportunities for visitation similar to general population...".

   Visits in population are contact, multiple visitors, etc. SMU is behind glass, only one person, and no children! The Hand Book violates §423 and creates a punitive living condition.

2.) personal property is dealt with at 103 CMR 423.09(1)(a); it entitles the inmates to several things which the Hand Book simply chose to prohibit! Foxworth decided that withholding TVs from SMU inmates violated the 423s.

**Conclusion.**

As a detainee, Plaintiff could not be punished absent due process of law. The DOC accused him of rule violations and sent him to SBCC's SMU to await the disciplinary process. Foxworth states that the DOC was operating their SMUs in violation of clearly established law at the time in question. The denial of TV, canteen, phone, reading material, etc., works such a disadvantage upon a detainee that, in the absence of a hearing to warrant such

deprivations, this Court is bound to grant summary judgment in Plaintiff's favor on this issue. Res judicata prevents the DOC from trying to argue here that the 423s were not being violated. See p.11, Hand Book for SMU at SBCC ("3 soft cover books, magazines"---i.e. only three books allowed, though it is 10 in population and 423.09(1)(a) says 103 CMR 403.11 controls SMU property). Everywhere the 423s make an effort to lessen the harshness of awaiting action conditions of confinement in SMU, the Hand Book goes overboard in a punitive manner by taking all creature comforts away.

**WHEREFORE**, Plaintiff's showing on this point should entitle him to summary judgment.

RESPECTFULLY SUBMITTED,

*/s/ Brendan M.*
Brendan M. McGuinness
S.B.C.C.
P.O. BOX 800
SHIRLEY, MA 01464

DATE: 9/13/06

cc. William Saltzman, Esq.
    file.