UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11738-EEH

Brendan M. McGUINNESS,
    Plaintiff,

vs.

James R. BENDER, et al.
    Defendants.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO THE MOTION TO SUPPLEMENT
AND/OR JOIN U MASS DEFENDANTS.

Plaintiff has moved to supplement his original claims against the Department of Correction (DOC), and/or Join certain defendants from the U Mass Correctional Health (UMCH), a medical care provider for the DOC. UMCH has also filed an objection to the request of plaintiff. Plaintiff replies to these objections below.

1.) The allegations against the DOC defendants are very straight-forward; they have survived both Rule 12(b) and Rule 56 motions by the DOC. They are set for trial on 1/2/07.

2.) Plaintiff alleges that the DOC subjected him to various measures and conditions of confinement which effectively punished him prior to a trial, as a pretrial detainee, in contravention of state and federal law.

3.) The last and greatest of the alleged violations involved the alleged use of force upon plaintiff; this force was used in response to a suicide attempt made by plaintiff (hanging); at the time of this use of force, plaintiff claims to have been unconscious, face down on the floor, strangled by a

-1-

self-inflicted ligature, and absolutely a non-threat to the responding staff (Move Team), which was suited up in full boby armor. (It took over twenty minutes for staff to help plaintiff after the call was received of a possible suicide.) These Move team members are all defendants. Plaintiff suffered, <u>inter alia</u>, a severe gash to his left eyebrow which bled profusely, caused great pain and required seven sutures to close. Plaintiff maintains that the specific act of force which caused this injury was inflicted for no other reason than to cause harm whereas plaintiff was semi- or unconscious under the control of no less than three other large men, face down and helpless.

4.) Now we must step back a bit to understand why the new proposed claims against UMCH are integral to the resolution of the claims at bar. First, the suicide attempt and resulting beating occurred on 1/31/05. On 1/30/05, plaintiff had been involved in a fight with two guards while he was out of his cell in handcuffs to receive medication. Second, one of his medications was oxycodone (a morphine-based, highly addictive pain killer--plaintiff had two broken bones in his right hand at the time). Third, as a result of misbehavior, and for no good medical reason, proposed defendant Dr. Marsha Tanur discontinued the oxycodone abruptly, using neither a weaning-off process nor employing alternate methods of administering the drug. (NOTE: plaintiff's other drugs were <u>not</u> discontinued, only the addictive one.)

5.) The DOC and UMCH defendants would and have asked this Court to summarily deny plaintiff's efforts to correlate the abrupt discontinuation of a knowingly-addictive substance, theretofore administered for no less than <u>two months</u> straight, with the withdrawal-induced suicide-attempt the very next morning.

**ARGUMENT.**

The DOC, for its part, has asked the Court to shoot down the joining of the issues on the ground that it "is futile and highly unlikely to survive a motion for summary judgment." This could hardly be further from the truth. The UMCH defendants have argued along a similar vein that a causal link cannot be shown between the discontinuation of the opiates and the suicide-attempt the

-2-

plaintiff engaged in.

The defendants are asking this court to decide now, on the barest of proof, whether the actions of the UMCH defendants did in fact contribute to the injury suffered. (Withdrawal per se is a serious condition for purpose of this Court's analysis. Kelly v. County of Wayne, 325 F. Supp. 2d 788, ___ [E.D. Mich. 2002].)

Added to all of this is the well-established medical recognition that there is a direct correlation between opiate withdrawal & suicide. Plaintiff, given the chance through discovery, would easily prove this. See, e.g., **EXHIBIT A**, attached:

>    Page One: Dr. Tanur, a woman who has never before dealt with plaintiff in any capacity, decides over the phone to discontinue the oxycodone, with a vague and ultimately useless post script to monitor for signs of withdrawal every eight hours--clearly showing her subjective awareness that her choice had ramifications as far as withdrawal is concerned. **(subjective component proven.)** Defendants Kavanaugh and Merill signing the acknowledgement of this order, which was never carried out.
>
>    Page Two: The day after the suicide-attempt, nurse's notes state "inmate said to dr. Jaiswal 'I feel like I am going through withdrawal'."
>
>    Page three: Nursing staff try to attribute discontinuation of oxycodone to "tampering" with meds -- an allegation even the guards did not make in their report. EX.AA, p. 3a, b, c and d.
>
>    Page Four: Precisely one week before the suicide attempt the plaintiff expressed to his psych counsel that he was experiencing "morbid[] depress[ion] as a result of a new regimen of meds, showing that plaintiff did (in addition to his length past record of suicide attempts) display a proclivity and vulnerability to suicide if Dr. Tanur had been diligent enough to do her job prior to taking the "cold-turkey" approach.

-3-

> Page Five: Another psych counselor at the prison, John Reins, notes that on the day of the suicide attempt, plaintiff had been complaining that the discontinuation of the oxys was something he could not handle. (An hour or two before the suicidal incident.)

This flimsy showing of subjective knowledge on Dr. Tanur's part, no action by Kavanugh or Merill on explicit orders to check for signs of withdrawal, a horrible suicidal/psychological history on plaintiff's part making him particularly susceptible to self-destrctive behavior---------there is no way this case could be shot down summarily. There are issues of fact here which preclude judgment prior to full trial by jury.

As for why these UMCH defendants should be joined to the DOC complaint, aside for the obvious issue of economy, is that were there no (for now allegedly) deliberately indifferent curtailment of the oxys at a time in plaintiff's life where he had already told psych staff that he was morbidly depressed (related to th DOC's refusal to allow plaintiff to see his new-born daughter), withdrawal would not have resulted. Withdrawal alone is enough to pass the serious injury test. But the intensity of that withdrawal, and the fact that plaintiff was left in total isolation ---these events are all connected and make sense only when understood in context.

As a pro se litigant, if I brought the claims piecemeal or in the wrong order, I beg the court's indulgence. The total experience of plaintiff's pretrial experience will be shown to have subjected him to punishment on a grand scale long before he was ever convicted, in violation of an accused's most basic rights. His state-related

-4-

...

claims (see <u>MacDougall</u> v. <u>Commonwealth</u>, ___ Mass. ___ [August, 2006] [see n. 11]) are therefore part and parcel and should be dealt with as a matter of sound federal discretion.

Respectfully submitted,

/s/ Brendan M. McGuinness
BRENDAN M. McGUINNESS
MCI-Cedar Junction
P.O. Box 100
S. Walpole, MA 02071                    DATED: September 25, 2005


cc. William Saltzman, Esq.
    Lisa R. Wichter, Esq.
    file.


### CERTIFICATE OF CERVICE

    I do hereby certify and swear as plaintiff in this case that copies of all of the enclosed were caused to be served upon both counsel referref to directly above via regual mail this 16th day of September, 2006.

/s/ Brendan M. McGuinness
Brendan M. McGuinness
PRO SE



EXHIBIT A

Case 1:05-cv-11738-EFH    Document 50    Filed 10/10/2006    Page 6 of 15

# UMASS CORRECTIONAL HEALTH

## PHYSICIAN'S ORDER

Page 1 

**PRESCRIPTION ORDER - FOR DEPARTMENT OF CORRECTION INSTITUTIONAL USE ONLY**

NAME: McGuiness Brandon   ID NUMBER: A918 30   D.O.B.: 12-6-72
INSTITUTION: SBCC   ALLERGIES: NKDA
DATE: 1-30-05   TIME: 1300

**ORDERS**

T.O. Dr Tanur / Jasenkavanagh RN
- Hold Oxycodone 10mg's PO Four times Per/day until F/U c̄ NP/MD
- Assess Inmate Q 8 hours For Signs of withdrawal

noted 1/30/05 Louise Moulton

SIGNATURE _____
PRINT NAME _____

Interchange is mandatory unless the prescriber writes the words "no substitution" in this space:

8006 Rev. 4/01

Original (White): Retain in Inmate Medical Record
Copy (Yellow): Fax to Pharmacy; File with Pharmacy Orders

# UMASS CORRECTIONAL HEALTH
## PROGRESS NOTES

Page 2

Institution: SBCC-INF

NAME: McGuiness, Brendan    ID # A91830    D.O.B. 12-6-72

| DATE | TIME | NOTES |
|---|---|---|
| 2/1/05 | 0530 | S/O IM remained on q 15 min MHW – checked freq by nsg staff, but not awakened given his violent attempts of attacks @ nurses in past – lying face down on mattress, so unable to assess lac/sutures above ® eye or neuro checks & VS deferred because of his violent nature. A√ Suicide attempt c resulting ® eye injury. P: VS, neuro checks when feasible – contin q 15' MHW – Have Mental Health assess IM as well as MD for possible neuro ∆'s. —— Linda Mitch |
| 2/1/05 | 1330 | S/O: Inmate under MHW. q 15 min check. Cooperative. pacing in Room "I feel like I am going thru withdrawals" inmate said to Dr Jaiswal at rounds. Wearing security gown. A: moving all extremities c no difficulty. ⓛ orbital cut c+ swelling. Eyeball s abnormalities. no vomiting seen. Inmate ate 2 meals today, per officer's report. P: continue MHW. Observe for neurological ∆'s. monitor ⓛ orbital site for S/S infection. no new orders written yet. —— Carol Salgar__ |

INF 012 5/95                INFIRMARY

# UMASS CORRECTIONAL HEALTH

Page 3A

## PROGRESS NOTES

SBCC
Institution

NAME: McGuiness Brandon    ID # A91830    D.O.B. 12-6-72

| DATE | TIME | NOTES |
|---|---|---|
| 1-30-05 | 1300 | Inmate assaulted officers during medication rounds, when they caught him trying to divert his medication. T.O. From Dr. Farur to hold Oxycodone until F/U by NP or MD. Jason Kaeaneghen |
| 1-31-05 | 12:30 pm | MD Note<br>S. Pt. was brought to trauma room for cut on his (L) Eye brow laceration. As told by Nurse that pt. tied sheet on his neck & it was cut open did not do any harm to him & then pt. got under his bed as he was secured he hit something under his bed & got laceration on his (L) Eyebrow.<br>1½" laceration on (L) Eyebrow. Under sterile conditions 7 sutures 4-0 silk. Pt. tolerated procedure well. Lidocaine 1% used for local anaesthetic<br>A's Laceration sutured<br>Plan: Pt. see POS.<br>Jimmy |

7113W 1/95

Page 36

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### DISCIPLINARY REPORT

| | | | | | |
|---|---|---|---|---|---|
| Inmate | MCGUINESS, BRENDAN M | Commit No | A91830 | Housing Unit | L-3NSMU |
| Date | 30-JAN-2005 | D- Report No. | 50624 | Institution | SOUZA-BARANOWSKI CORRECTIONAL |

**OFFENSE(S) & CODE NO.:**
02-VIOLATING ANY DEPARTMENT RULE OR REGULATION
08-CONDUCT WHICH DISRUPTS
18-FIGHTING WITH, ASSAULTING, OR THREATENING ANOTHER PERSON WITH ANY OFFENSE AGAINS PERSON OR PROPERTY
32-VIOLATING ANY LAW
33-ATTEMPTING TO COMMIT ANY OFFENSE

Major [X]      Minor [ ]

**Description of Offense(s)**

At approximately 12:30 PM while escorting the nurse on afternoon medication rounds, I, C.O. McGinty, was assaulted by inmate McGuiness, Brendan A91830 housed in cell 16 in unit L-3.
During the medication rounds inmate McGuiness was handcuffed in the front for medication distrubution. The cell door was opened and inmate McGuiness took his first dose of medication and then struck me with his restrained wrists on the right side of my head. Inmate McGuiness pushed the medication cart away from his cell and exited the cell violently assaulting Officer Santiago as well. While inmate McGuiness was being subdued, he continued to assault staff with his hands and feet as well as spitting striking this officer in the head and uniform collar with saliva. Responding staff helped subdue the inmate by placing him in waist chains and leg irons. I had no further contact with inmate McGuiness. EOR

Has Inmate been placed on Awaiting Action Status    Yes [X]    No [ ]

| | | | | | |
|---|---|---|---|---|---|
| Referred to DA | [X] Yes | [ ] No | Referred to DDU | [X] Yes | [ ] No |
| Reporting Staff | Daniel McGinty S | | Date 30-JAN-2005 | Time 13:52 | |

Days off   Wed Thu
Shift      7-3

| | | | |
|---|---|---|---|
| Shift Commander | William Ryan | Date 30-JAN-2005 | Time 19:09 |
| Disciplinary Officer | James Hart R | Date 31-JAN-2005 | Time 07:05 |

Results    GUILTY

| Code Description | Sanctions | Start Date | End Date | # of Units | SS | Amount |
|---|---|---|---|---|---|---|
| 02-VIOLATING ANY DEPARTMENT RULE OR REGULATION | Comb W/#18 | 20050801 | | 0 | | |

20050802 11:35

EXHIBIT 9

Note: upon guilty pleas,
      see next page.

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
#### DISCIPLINARY REPORT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Inmate** | MCGUINESS, BRENDAN M | | **Commit No** | A91830 | **Housing Unit** | L-3NSMU |
| **Date** | 30-JAN-2005 | **D- Report No.** | 50624 | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |

| | | | |
|---|---|---|---|
| 08-CONDUCT WHICH DISRUPTS | Comb W/#18 | 20050801 | 0 |
| 18-FIGHTING WITH, ASSAULTING, OR THREATENING ANOTHER PERSON WITH ANY OFFENSE AGAINST HIS PERSON OR PROPERTY | Rec. DDU | 20050801 | 665 |
| 32-VIOLATING ANY LAW | Comb W/#18 | 20050801 | 0 |
| 33-ATTEMPTING TO COMMIT ANY OFFENSE | Dismissed | | |

**Reviewing Authority** Thomas Dickhaut E    **Date** 15-APR-2005   **Time** 15:09

Plaintiff received two years DDU

See p. 3d

20050802 11:35

```
                       Inmate Sentence Listing
                  W86294        MCGUINNESS,BRENDAN
Report  ate:2006 0614 15:28:35
--------------------------------------------------------------------------
                        Sentence Unit:  A
--------------------------------------------------------------------------
Sent #: 1          Statute:      265    19    b                      150
                             UNARMED ROBBERY
   Off. Date:  20040308
  Sent. Type:  State Prison                              PE:   20070906
     Imposed:  20050928                                  Min:  20070906
     Invoked:  20050928      3Y 6M TO 3Y 6M 1D           Max:  20070907
 Jail Credit:  570                                       Gcd:
   Effective:  20040307
       Court:  NORFOLK SUP COURT
      Docket:  2004-00169-01

                                       Statutory good Time Restrictions.


--------------------------------------------------------------------------
Sent #: 2          Statute:      265    13A   a                      170
                        ASSAULT OR ASSAULT AND BATTERY
   Off. Date:  20050130
  Sent. Type:  WORCESTER                                 PE:
     Imposed:  20060609                                  Min:
     Invoked:  20060609      TO 1Y                       Max:
 Jail Credit:  2                                         Gcd:
   Effective:  20060607
       Court:  CLINTON DC
      Docket:  0568CR1600-ct 1

                                       Statutory good Time Restrictions

--------------------------------------------------------------------------
Sent #: 3          Statute:      265    13A   a                      170
                        ASSAULT OR ASSAULT AND BATTERY
   Off. Date:  20050130
  Sent. Type:  WORCESTER                                 PE:
     Imposed:  20060609                                  Min:
     Invoked:  20060609      TO 1Y                       Max:
 Jail Credit:  2                                         Gcd:
   Effective:  20060607
       Court:  CLINTON DC
      Docket:  0568CR1600-ct 2

                                       Statutory good Time Restrictions.


  Paroled     Revoked     Returned         Escaped        Returned
  -------     -------     --------         -------        --------
```

*Handwritten annotations:*
- "Added Dates - Additional Sentences - #2 & #3 - No Change in Dates"
- "Page 3d" (pointing to Max: 20070907, circled)
- "2 years for same assault." (pointing to Sent #2 and #3)

Page 4

# UMASS CORRECTIONAL HEALTH
## PROGRESS NOTES

Institution: SBCC

NAME: Brendan McGuiness   ID # A91830   D.O.B. 12/7/72

| DATE | TIME | NOTES |
|---|---|---|
| 1/24/05 Holowecki VR SMV | 13⁹⁹ | (S) Seen for follow up/PCC contact. Says his weekend was "turbulent" - was awake Sat. + Sun morning which he says triggers depressed mood as it is a "reminder of the kids". Says this weekend, he felt "morbidly depressed" for the first time since starting mood stabilizer. Overall, says meds. have "slowed things down" + feels ↓ hyper. Questions whether concentration has improved as he is unable to complete letters he writes - "they are all half written". Psychoedu. was provided - Inm. is patient + cooperative c̄ the tx plan. (A) Alert + oriented. Clean cut. (S) SI s̄ plan - "I can't complete a thought". No HI or t.d. Logical + Future oriented re ct. dates in February. Adequate eye contact. Intense expression on his face - often rubbing his ⓡ eye. S/R depressed mood but is euthymic ß day c̄ appropriate affect. (P) Continue f/u on Mnds. + per plan; sooner prn. ——— C. Holowecki, LICSW |

MENTAL HEALTH

Page 5

## UMASS CORRECTIONAL HEALTH
### PROGRESS NOTES

Institution: SBCC

NAME: McGuiness, Brendan    ID #: A91830    D.O.B. 12-6-72

| DATE | TIME | NOTES |
|---|---|---|
| 1/31/05 | 1150 | D: See Incident Report #144237 dated |
| Rich SMH | | 20050201. I/M did not respond, verbally or non-verbally (via movement) @ attempts of engagement by Medic V. Info. reported to Shift Commander + move team entered cell. |
| | | A: I/M on belly under bed facing away from cell door. Undeterminable if I/M made attempt @ self harm or if he intended to "play dead" as a tactic on move team i.e., he'd already assaulted 2 CO's |
| ✗ → | | 01/31/05 and via RN was reportedly angry over being refused his ~~oxy~~ med. |
| | | P: I/M to be placed in 4 pt Restraint security watch. Assess MH condition upon Release — Ascertain if MHW warranted.     John Ken |

MENTAL HEALTH

# UMASS CORRECTIONAL HEALTH
## SICK CALL REQUEST FORM

Print Name: _____ ID#: _____

Date/Time _____ Housing Location: _____

Check **ONLY** One Box:    ☐ Medical    ☐ Dental    ☐ Mental Health

Nature of problem or request: _____

_____

_____

I consent to be treated by the healthcare staff for the condition described above.

Inmate Signature _____

**PLACE THIS SLIP IN MEDICAL BOX OR DESIGNATED AREA**
**DO NOT WRITE BELOW THIS AREA**

*********************************************************************

REFERED TO:

| Date/Time Recieved | Institution _____ | ☐ Nurse | ☐ Midlevel | ☐ Physician |
| | Slip Sorted by: _____ | ☐ Mental Health | ☐ Dental | ☐ Other ____ |

*********************************************************************

Subjective:

Objective: T _____ P _____ R _____ B/P _____ WT _____




Assessment:




Plan [include inmate education]:







Signature & Title: _____ Date: _____ Time: _____

rev. 12/04