FILED
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 NOV 20 P 3: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION
NO. 05-11738-EFH

Brendan M. McGUINNESS,
    Plaintiff,

vs.

James R. BENDER, et al.
    Defendant.

PLAINTIFF"S MOTION TO DISMISS
ALL CLAIMS RELATED TO THE SHERIFF
OF NORFOLK COUNTY VOLUNTARILY: TO
AMEND THIS COMPLAINT SO AS TO ADD
STATE CLAIMS WHICH HAVE COME TO LIGHT
BY WAY OF DISCOVERY.

    Now comes the plaintiff to respectfully ask that this Honorable Court allow this pro se plaintiff to dismiss all of his claims related to the Norfolk County Sheriff's Office[1] and add a few state related claims which have come to light as a result of very recent revelations from defense counsel[2] to the effect that the internal affairs investigation into plaintiff's 2/5/05 grievance of excessive force was in fact concluded in April of 2006 with no notice to plaintiff. Then on November 9th, 2006, plaintiff was (at long last) allowed to view a DVD of the forced move (or cell extraction) complained of in the

---

[1] This, of course, without prejudice to the re-filing of those same claims in state court. The Court here has denied plaintiff's motion for subpoenas to serve them with the Amended Complaint, which was allowed. So plaintiff is stumped.

[2] Out of the blue, this past November 6th, 2006, plaintiff received an unsolicited copy of the Internal Affairs Findings with respect to his grievance. The entire process was nothing but a drawn out sham. It is full of nonsense which can be shown clearly not to be true. This is a conspiracy to intentionally inflict emotional harm on plaintiff.

-1-

Original Complaint. The incident recorded is exactly as plaintiff has depicted it from the moment he spoke to the doctor about it. Officer Farley's needless, excessive use of his knee to plaintiff's head on the cement can be heard as well as seen. It is evidence of excessive force. At the time the force was used, plaintiff had two large men holding his hands behind his back, face down on the floor, and all of the officers were in body armor. Farley went over-board. His fellow officers have engaged in a pattern of behavior which can only be construed as a conspiracy to inflict emotional pain upon me by lying to Internal affairs, etc.

**AMENDED COMPLAINT.**

The Norfolk county Sheriff's Office was not the only subject of the Amended complaint. Therefore, in an attempt to narrow down plaintiff's arguments against the Department of Correction, the plaintiff now submits this Amended Complaint which he intends to replace and rescind the former document by the same name.

Count One:

Article 12 of the Massachusetts declaration of Rights has explicitly prohibited the legislature from enacting any law that would subject anybody to "an infamous punishment ... without **both** indictment and trial by jury." As a pretrial detainee, plaintiff had been indicted, but he chose to contest his innocence; he was unable to raise bail; and he was remanded to the cuStody of the Norfolk County sheriff's Office. For various irrelivent reasons, the county authorities asked the district attorney to allow the

DOC to detain him per M.G.L. c. 276, §52A. The DOC, upon accepting plaintiff as a detainee, decided to send him to Walpole State Prison---an institution the very presence of has been declared by the Massachusetts Supreme Judicial Court an "infamous punishment."

Art. 12 is violated by §52A when the defendants construe it as they have. For decades, the DOC has held §52A detainees at the Reception Center in Concord. They have now overstepped their legal bounds. Plaintiff's rights under the 12th article of the First Part of the Declaration of Rights for the Commonwealth of Massachusetts have been thoroughly trampled, entitling him to relief. As a detainee he was sentenced to five (5) years in Walpole's Departmental Disciplinary Unit and he remains there to this day. (If he committed the same infractions in a jail, where he was supposed to be, the law would have limited his disciplinary confinement to thirty (30) days!)

### Count Two:

And this is where the Equal Protection violation emerges. As a detainee, jails set aside units for detainees so as to separate them from convicts. See M.G.L. c. 127, §22 (detainees "...shall not be confined with convicts..."). Seeing as the detainee cannot be punished absent due process, they are accorded a greater range of luxuries, rights and privileges. When plaintiff was sent to DOC custody, he was not consulted. He was not afforded a procedure by which he could have contested the various allegations against him which gave rise to the request for a §52A transfer. He was in

-3-

every respect denied the basic procedure which was due him. Where the state decides to send plaintiff to await trial is in reality a matter of geography. How he is treated in contrast to his fellow detainees who happen to reside in other jails is the real question. Plaintiff was never ever not once afforded any form of hearing before he was repeatedly and whimsically sent from one place to another. The total effect was denial of due process and equal protection. See M.G.L. c. 127, §41 (30 days is the maximum sanction for misconduct by detainees)(plaintiff is serving a 5 year sanction).

**Count Three:**

Upon arriving at the horror that is Walpole, plaintiff immediately objected in writing and noted that he had problems with both staff and inmates, etc. These letters were ignored. In due course, plaintiff became embroiled in a rumble while he was illegally held there. As a result, on 10/18/04, the DOC sent him to the Special Management Unit ("SMU") at Souza-Baranowski ("SBCC") in Shirley, MA.[3/] The SMU is governed (as far as conditions of confinement are concerned) by 103 CMR 423.09. It is the plaintiff's contention that his detention there from 10/18/04 until 3/7/05 represents a blatant violation of due process whereas he was held in punitive conditions and never even

---

[3/] As defense counsel has noted in a recent pleading, a superior court judge has ruled in a final judgment that §423.09 was being violated by the unlawful withholding of televisions, canteen access (such as food), regular property, etc. See Foxworth v. Maloney. This is prima facie evidence that plaintiff's stay in SMU was unlawfully punitive in violation of federal and state law.

received a disciplinary report for the incident in Walpole. By chance plaintiff was returned to the county custody on 3/7/05; he was moved around from jail to jail until, without warning or due process[4/], he was returned to DOC custody on 7/8/05. In fact, after a four (4) month absence, plaintiff was returned to the same exact cell in SBCC's SMU. The defendants (viz. Bender and Russo) decided to dredge up the old unresolved misconduct episodes and so they did.

It must be said, during plaintiff's sojourn in the county jails for the said 4 months, plaintiff informed Bender where he was and Bender exercised no due diligence in prosecuting the matter.

Count Four:

Plaintiff now forwards a state claim via the tort claims act against all of the defendants collectively for negligence in the investigation of my claim, denying me my right to receive some sort of vindication for wrongs done to me by state agents and their employers.

**WHEREFORE**, this motion should be ALLOWED and the Amended Complaint construed as it is written above. Plaintiff has been blasted with a ton of new evidence in a very short time.

RESPECTFULLY SUBMITTED

*Brendan McGuinness*
BRENDAN M. McGuinness
MCI-CJ
P.O. BOX 100
S. WALPOLE, MA 02071

Dated: November 16, 2006

cc. William Saltzman, Esq.
            Delivered in hand.

---

[4/] Ironically, plaintiff was behaving himself and working in the law library when the order came to go to Walpole.